UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-5

| Case No. | CV 11-00398 CAS(JCGx) | Date | November 6, 2012 |
|---|---|---|---|
| Title | NASIR UDDIN ET AL V. RADIOSHACK CORPORATION ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants

Not Present                            Not Present

**Proceedings:**    **(In Chambers:)** ORDER REOPENING DISCOVERY

On January 18, 2011, plaintiff Nasir Uddin filed a putative class action against defendant RadioShack Corporation ("RadioShack" or "defendant") in Orange County Superior Court asserting multiple claims for defendant's alleged failure to pay regular and overtime wages, provide meal and rest breaks, provide accurate wage-and-hour statements, and pay timely compensation due upon termination.

On June 15, 2011, plaintiff filed the operative second amended complaint ("SAC"). The SAC alleges the following eight claims for relief: (1) failure to pay regular, overtime, and minimum wages pursuant to Cal. Labor Code §§ 510, 558, 1194, and 1198; (2) failure to provide required meal breaks pursuant to Cal. Labor Code §§ 226.7, 512 and Wage Order 7-2001 § 11; (3) failure to provide required rest breaks pursuant to Cal. Labor Code § 226.7 and Wage Order 7-2001 § 12; (4) failure to pay all wages when due in a timely manner pursuant to Cal. Labor Code §§ 201 and 202; (5) failure to provide and maintain accurate wage statements pursuant to Cal. Labor Code §§ 226, 226.3, 1174, and 1174.5; (6) unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); (7) civil penalties pursuant to the Private Attorney General Act, Cal. Labor Code §§ 2698 et seq. ("PAGA"); and (8) failure to pay overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

On July 2, 2012, the Court issued an order denying plaintiff's motion for class certification. Specifically, the Court found that plaintiff's meal break subclass and unpaid wages subclass failed to meet Rule 23(a)'s commonality requirement, and found that plaintiff's rest break subclass failed to meet Rule 23(b)'s predominance requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-5

| Case No. | CV 11-00398 CAS(JCGx) | Date | November 6, 2012 |
|---|---|---|---|
| Title | NASIR UDDIN ET AL V. RADIOSHACK CORPORATION ET AL | | |

    On August 10, 2012 the Court stayed this case pending the resolution of plaintiff's petition to the Ninth Circuit seeking to appeal the Court's July 2, 2012 order. On October 18, 2012 the Ninth Circuit declined to review the Court's order.

    On November 2, 2012, the parties submitted a joint status report setting out their respective positions regarding how this case should go forward. Plaintiff proposes reopening discovery in this case to allow him to take depositions that will purportedly support his theory that defendants' implemented practices and policies that encouraged employees to not record their time worked and to not take meal and rest breaks. Following this discovery, plaintiff plans to make a renewed motion for class certification. Defendant, in contrast, proposes that the case proceed to trial on plaintiff's individual claims because plaintiff's request for class certification has already been denied and the new discovery plaintiff seeks cannot remedy the defects noted by the Court in its July 2, 2012 order.

    After considering the parties submissions, the Court ORDERS that discovery be reopened until **January 14, 2013** to allow plaintiff to seek additional evidence in support of a renewed motion for class certification. Plaintiff may only seek discovery relevant to the issue whether defendant implemented uniform policies denying meal and rest breaks and encouraging employees to not record time worked. Additionally, the Court ORDERS the parties to meet and confer to set a briefing schedule for plaintiff's renewed motion for class certification, and submit that schedule to the Court for approval.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |