1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NASIR UDDIN, individually; and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RADIOSHACK CORPORATION, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. SACV 11-00398 CAS (JCGX)<br><br>**CLASS ACTION**<br><br>**STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER** |

1    Upon the Joint Stipulation of Plaintiff Nasir Uddin ("Plaintiff") and
2  Defendant RadioShack Corporation ("RadioShack") (collectively "the parties") for
3  a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,
4  and pursuant to this Court's Order dated May 17, 2012 (Dkt. No. 63), and upon
5  good cause shown, it is hereby ORDERED that:
6       1.   All confidential and/or private information produced or exchanged in
7  the course of this litigation shall be used solely for the purpose of preparation and
8  trial of this litigation and for no other purpose whatsoever, and shall not be
9  disclosed to any person except in accordance with the terms hereof.
10      2.   "Confidential information," as used herein, means any information of
11 any type, kind or character which is designated as "Confidential Subject to
12 Protective Order" by any of the supplying or receiving parties, whether it be a
13 document or information contained in a document.  In designating information as
14 "Confidential Subject to Protective Order" a party will make such designation only
15 as to that information that it in good faith believes contains information that is
16 proprietary, trade secret, private, or otherwise confidential. This Protective Order is
17 limited to private information contained in employee pay records, personnel or
18 disciplinary records.  It is incumbent upon the designating party to specifically
19 identify the "Confidential Information" or material contained within the document
20 deemed Confidential.  Information or material which is available to the public,
21 including catalogues, advertising materials, and the like shall not be so classified.
22      3.   "Qualified Persons," as used herein, means
23           (a)  Attorneys for the parties and employees of such attorneys to
24 whom it is necessary that the material be shown for purposes of this litigation;
25           (b)  Actual or potential technical experts or consultants, including
26 professional claims administrators or mailing houses, and any employees of such
27 whom it is necessary that the material be shown, who have signed the
28 "Acknowledgement and Agreement to be Bound" in the same form as the

1  document attached as "Exhibit A".  This requirement only applies to individuals
2  contemplated by this sub-section and expressly excludes the Court and its
3  personnel;
4      (c)    the Court and its personnel;
5      (d)    court reporters and their staffs;
6      (e)    A named party (not including opt-in persons); and
7      (f)    If this Court so elects, any other person may be designated as a
8  Qualified Person by order of this Court, after notice and hearing to all parties.
9      4.    Documents produced in this action may be designated by any party as
10 Confidential information by marking each page of the document(s) so designated
11 with a stamp stating "Confidential - Subject to Protective Order".  In lieu of
12 marking the original of a document, if the original is not produced, the designating
13 party may mark the copies that are produced or exchanged.  Originals shall be
14 preserved for inspection.
15     5.    Any materials produced bearing the designation "Confidential -
16 Subject to Protective Order" shall be accompanied by the designating party's
17 written statement setting forth the known reason(s) for protecting such document(s)
18 under this Protective Order.  Failure of the designating party to provide a written
19 statement setting forth the purported reasons for seeking protection under this Order
20 will relieve the receiving party of the obligation to file an Application to file the
21 documents under seal.  In the event of a challenge to the designation of any
22 particular document as "Confidential - Subject to Protective Order," the
23 aforementioned statement in no way limits what the Court may consider in
24 upholding or denying such designation.
25     6.    (a)    Confidential information shall not be disclosed or made
26 available by the receiving party to persons other than Qualified Persons.
27     (b)    Any documents produced in this litigation and classified as
28 Confidential information, which are provided to Qualified Persons of Paragraph

3(b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation, provided they sign an agreement similar to that described in 3(b), above, to maintain confidentiality and/or privacy.

7. Nothing herein shall prevent disclosure beyond the terms of this Order if the party designating the Confidential information consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing Confidential information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Confidential information, irrespective of which party produced such information.

8. A party shall not be obligated to challenge the propriety of a designation of Confidential information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any Confidential information, or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies.

If the dispute cannot be resolved, the objecting party may then apply to the Court pursuant to Civil Local Rule 37 for a determination as to whether the designation should be removed. In such an application, the burden is on the designating party to justify the designation. If no such application is made, the information or documents will remain as designated. Any information which has been produced and designated as Confidential information, but which is subject to dispute as to its proper designation, shall be treated as designated pending resolution of the dispute.

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order. No such proposed modification to this Order shall have the force and effect of a Court order unless the Court approves the modification.

9. In each instance in which a party wishes to use any Confidential information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such information shall be accompanied by an application pursuant to Local Rule 79-5.1 to file the papers or the portion thereof containing protected information under seal. Such application shall be directed to the Judge to whom the papers are directed. For motions, the parties shall also file a redacted version of the motion and supporting papers. This section does not apply to any later designated Confidential information that may have been filed with the Court prior to the effective date of this Order.

10. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any of the persons qualified under Paragraphs 3(a) through (f), with the exception of 3(c) (the Court and its personnel) shall be returned to the producing party or destroyed as may be agreed on by the parties, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

11. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective

1 Order and shall be responsible upon breach of such duty for the failure of any such
2 person to observe the terms of this Protective Order.
3     12. Nothing in this Order shall be construed as authorizing a party to
4 disobey a lawful subpoena issued in another action.
5     This Order may be modified by the Court at any time in the interests of
6 justice, at the Court's discretion.
7     IT IS SO ORDERED.

Dated: January 14, 2013          By: _____
                                                    The Honorable Jay C. Gandhi
                                                    United States Magistrate Judge