UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0398-CAS (JCGx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | NASIR UDDIN V. RADIO SHACK, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Katherine Odenbreit | Robert Cocchia |

**Proceedings:** **PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND REQUEST TO VACATE OR EXTEND DISCOVERY CUT-OFF DATE** (filed March 15, 2013) [Dkt. No. 113]

## I. INTRODUCTION

On January 18, 2011, plaintiff Nasir Uddin filed a putative class action against defendant RadioShack Corporation ("RadioShack") in Orange County Superior Court asserting multiple claims for defendant's alleged failure to pay regular and overtime wages, provide meal and rest breaks, provide accurate wage-and-hour statements, and pay timely compensation due upon termination. Plaintiff sought to represent a class of former and current Assistant Managers, Managers in Training, Sales Associate Keyholders, or any other job position with similar duties employed by RadioShack in California at any time from January 18, 2007, to the present. Upon defendant's removal of the action, the case was assigned to the Hon. Judge Josephine Staton Tucker.

On June 15, 2011, plaintiff filed the operative second amended complaint ("SAC"). The SAC alleges the following eight claims for relief: (1) failure to pay regular, overtime, and minimum wages pursuant to Cal. Labor Code §§ 510, 558, 1194, and 1198; (2) failure to provide required meal breaks pursuant to Cal. Labor Code §§ 226.7, 512 and Wage Order 7-2001 § 11; (3) failure to provide required rest breaks pursuant to Cal. Labor Code § 226.7 and Wage Order 7-2001 § 12; (4) failure to pay all wages when due in a timely manner pursuant to Cal. Labor Code §§ 201 and 202; (5) failure to provide and maintain accurate wage statements pursuant to Cal. Labor Code §§ 226, 226.3, 1174, and 1174.5; (6) unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); (7) civil penalties pursuant to the Private Attorney General Act, Cal. Labor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0398-CAS (JCGx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | NASIR UDDIN V. RADIO SHACK, INC. | | |

Code §§ 2698 et seq. ("PAGA"); and (8) failure to pay overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").

On June 20, 2011, Judge Tucker issued the first scheduling order in this case, setting the last day for hearing on a motion to add parties and amend pleadings as September 19, 2011, and a discovery cut-off date of February 27, 2012, among other dates. Dkt. No. 29. On October 14, 2011, Judge Tucker amended the scheduling order pursuant to the parties stipulation, extending the discovery cut-off until May 28, 2012 and setting the hearing date on plaintiff's motion for class certification as March 26, 2012. Dkt. No. 45. The date for bringing a motion for class certification was subsequently moved to the date thirty days after the California Supreme Court handed down its decision in Brinker v. Superior Court, No.SI66350 ("Brinker"). The parties' joint stipulation to amend the scheduling order a further time was denied. Dkt. No. 58.

On May 14, 2012, plaintiff filed his motion for class certification. Dkt. No. 61. Thereafter, this case was transferred to this Court as related to Ordonez v. Radio Shack, 10-7060 CAS (JCGx). On July 2, 2012, the Court denied plaintiff's motion for class certification without prejudice, on the grounds that plaintiff had failed to demonstrate that defendant had implemented uniform policies denying meal and rest breaks to enable the Court to conclude that plaintiff could present a class-wide method of proof of liability. Dkt. No. 96. Pursuant to the parties' stipulation, the Court vacated the Court's October 14, 2011 Amended Scheduling Order, as further amended by the Court on May 30, 2012, and stayed this case pending resolution by the Ninth Circuit Court of Appeals of plaintiff's appeal of the denial of class certification. Dkt. No. 103.

On October 18, 2012, the Ninth Circuit denied plaintiff's request for permission to appeal. Dkt. No. 106. On November 6, 2012, the Court granted plaintiff's request to reopen discovery until January 14, 2013, limited to "the issue of whether defendant implemented uniform policies denying meal and rest breaks and encouraging employees to not record time worked." Dkt. No. 108 at 2. The Court ordered the parties to meet and confer to set a briefing schedule for this motion, but did not set any further dates. The Court subsequently continued this discovery deadline until March 15, 2013. Dkt. No. 110. On January 17, 2013, the Court denied plaintiff's motion for class certification in the Ordonez action, and plaintiff in this case determined that he would not proceed with his class claims here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0398-CAS (JCGx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | NASIR UDDIN V. RADIO SHACK, INC. | | |

On March 15, 2013, plaintiff filed the instant motion for leave to file a third amended complaint naming additional individuals as plaintiffs. Dkt. No. 113.[1] Defendant opposed the motion on April 1, 2013, and plaintiff replied on April 8. The Court held a hearing on April 22, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Generally, a court considers a motion for leave to amend pleadings pursuant to the permissive standard of Fed. R. Civ. P. 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Fed. R. Civ. P. 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once a scheduling order is in place, the court must consider whether to modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)).

### A. Federal Rule of Civil Procedure 16

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

---

[1] Plaintiff informed defendant of his intention to forgo pursuing certification of a class on February 15, 2013. Decl. of Katherine Odennreit ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0398-CAS (JCGx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | NASIR UDDIN V. RADIO SHACK, INC. | | |

### B.  Federal Rule of Civil Procedure 15

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### III.  ANALYSIS

#### A.  Application of Federal Rule of Civil Procedure 15 versus 16

Plaintiff seeks two forms of relief by way of his motion. First, plaintiff seeks an order granting him leave to file his proposed third amended complaint ("TAC") naming additional plaintiffs, or alternatively permitting intervention under Fed. R. Civ. P. 24.

Case 8:11-cv-00398-CAS-JCG Document 119 Filed 04/22/13 Page 5 of 12 Page ID #:3117

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0398-CAS (JCGx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | NASIR UDDIN V. RADIO SHACK, INC. | | |

Second, if the Court is inclined to grant plaintiff's first request, plaintiff seeks an order amending the Court's scheduling order to allow the reopening of discovery, permitting plaintiff to conduct discovery related to the individual claims of the additional plaintiffs and setting a new discovery cut-off date. Plaintiff argues that only for his second request—to reopen discovery—need he demonstrate good cause under Rule 16.

As an initial matter, the Court concludes that plaintiff must satisfy the "good cause" standard of Rule 16 to obtain both forms of relief that he seeks. Judge Tucker's initial scheduling order set September 19, 2011 as the final date for a hearing on a motion to add parties and amend pleadings. Judge Tucker then entered the Amended Scheduling Order on October 14, 2011—after the deadline for amending pleadings or adding parties had already passed. The Amended Scheduling Order did not modify the date for amending pleadings or adding parties.

On August 10, 2012, the Court vacated the Amended Scheduling Order pursuant to the parties' stipulation. Nothing in the Court's August 10 order modified the original deadline for adding parties or amending pleadings, however, as the Amended Scheduling Order did not address this deadline. Accordingly, because the Court must amend its scheduling order to permit plaintiff to (1) reopen discovery and (2) to amend his complaint to add additional parties, the Court finds that Rule 16 applies.

### B. Leave to Amend

First, the Court concludes that plaintiff demonstrates good cause for amending the Court's original scheduling order to allow him to file an amended complaint. Defendant argues that plaintiff's request is untimely, because the deadline for adding parties or amending pleadings—September 19, 2011—has long passed. Despite this deadline long having passed, and multiple amended scheduling orders having been entered, defendant maintains that plaintiff never alerted the Court or defendant of his intention to add additional plaintiffs until this motion. Nor does plaintiff explain, in defendant's view, why he waited until the Court's ruling denying class certification in the Ordonez action before abandoning his attempt to bring a renewed motion for class certification.

Defendant's arguments are unpersuasive, in light of the fact that plaintiff has been diligently pursuing certification of this action as a class action until recently. As such, plaintiff had no reason until to seek to add additional individuals as named plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0398-CAS (JCGx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | NASIR UDDIN V. RADIO SHACK, INC. | | |

Although plaintiff could have sought to add such parties as plaintiffs immediately after the Court's order denying class certification and the Ninth Circuit's denial of plaintiff's request to appeal, plaintiff did not act in a dilatory fashion by first considering whether to pursue an renewed motion for class certification. Plaintiff then informed defendant of his intention to forgo a renewed motion for class certification on February 15, 2013, shortly after the Court denied plaintiff's motion for class certification in the Ordonez case, and noticed the instant motion shortly thereafter. Accordingly, the Court finds that plaintiff has demonstrated good cause for modifying the original scheduling order to add additional parties as named plaintiffs.

Next, the Court considers the five factors for determining whether leave to amend should be granted under Rule 15(a). Johnson, 356 F.3d at 1077. Plaintiff argues that all five factors support plaintiff's request for leave here. First, plaintiff argues that there has been no undue delay or bad faith on his part, for the same reasons articulated above with respect to the Rule 16 analysis. Moreover, defendant will suffer no undue prejudice, because plaintiff's amended complaint only names additional individuals as plaintiffs, but does not otherwise assert new claims or theories of relief against defendant. Finally, plaintiff's contends that its proposed amendment is not futile, as plaintiff has already successfully pleaded the same claims that the additional proposed plaintiffs seek to assert.

Defendant argues that leave to amend should be denied for three reasons: futility, undue prejudice, and undue delay. Undue delay would result, defendant argues, because the Court will be forced to reopen discovery, reset deadlines, and postpone resolution of plaintiff's claims "indefinitely." As to prejudice, defendant maintains that the need to reopen discovery, particularly discovery directed towards a new line of inquiry than before, is a "typical" source of prejudice that is sufficient to defeat a plaintiff's request for leave to amend. Moreover, defendant contends that it opposition to plaintiff's motion for class certification was not a concession that joinder of multiple plaintiffs was appropriate.

The Court finds defendant's contentions of undue delay unpersuasive. Certainly further delay will result from plaintiff amending his complaint to add additional parties, as additional discovery will be required. Defendant fails, however, to demonstrate why plaintiff may be found to have unduly delayed in bringing this motion given the procedural history of this action and the Ordonez case set forth above.

Case 8:11-cv-00398-CAS-JCG Document 119 Filed 04/22/13 Page 7 of 12 Page ID #:3119

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0398-CAS (JCGx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | NASIR UDDIN V. RADIO SHACK, INC. | | |

Nor, broadly speaking, would defendant suffer undue prejudice as a result of having to defend against individual wage and hour claims. While plaintiff's argument that defendant is "estopped" from arguing prejudice reaches too far, plaintiff is well within his rights to seek to bring an individual action after defendant successfully defeated plaintiff's motion for class certification. As the Supreme Court has noted, the filing of a class complaint "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." Crown, Cork & Seal v. Parker, 462 U.S. 345, 352–53 (1983). From the date this action commenced, defendant was aware of the nature and scope of plaintiff's allegations, as well as the likely composition of the class that plaintiff sought to represent. Plaintiff's proposed TAC does nothing to alter the nature of plaintiff's substantive allegations, as the claims and theories of relief remain the same. Thus, defendant cannot argue that it suffered any unfair surprise as a result of plaintiff seeking to amend its complaint to name former putative class members as named plaintiffs. Moreover, each of the sixteen new proposed plaintiffs could file a separate case that would likely be transferred to this Court, creating a multiplicity of actions which would be far less manageable.

However, defendant's contentions of futility also require consideration (and by extension, prejudice). The Court is not convinced that joinder of these potential plaintiffs in a single action is warranted under Federal Rule of Civil Procedure 20(a)(1)(A) and (B), at least for all purposes. For individuals to join in one action as plaintiffs, they must:

> (A) . . . assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). In addition to the foregoing, "a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (citations omitted). "[W]hen making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0398-CAS (JCGx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | NASIR UDDIN V. RADIO SHACK, INC. | | |

seeking such amendment, [and] the closeness of the relationship between the new and the old parties . . . ." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980).

Reviewing plaintiff's proposed TAC reveals that each proposed plaintiff worked at a different store, many of which are not even located within the Central District. See TAC ¶ 9 (University of Southern California and Wilshire/Vermont stores); ¶ 10 (Terra Nova, Chula Vista, and La Mesa stores in San Diego County); ¶ 11 (Orangeburg/ Oakdale store in Stanislaus County); ¶ 12 (Rialto store, San Bernardino County); ¶ 13 ("retail store locations in California"); ¶ 14 (16th/Market Street, San Francisco retail store); ¶ 15 (Ming Avenue and Main Street stores in Bakersfield, Kern County); ¶ 16 (Chico Mall and Mangrove-Chico stores in Chico, Trinity County); ¶ 17 (Paramount, Whittier, Linwood and "other retail store locations"); ¶ 18 (New Park and Great Mall stores in Alameda County); ¶ 19 (San Dimas store); ¶ 20 (Morgan Hill and San Jose stores); ¶ 21 (Lancaster and Canyon Country stores); ¶ 22 (Glendora and La Puente stores); ¶ 23 (Wilmington and Harbor City stores); ¶ 24 (San Dimas-West Arrow Highway store); ¶ 25 (Camarillo store). Moreover, plaintiff does not allege when each individual worked at their respective store locations, other than his blanket assertion that all these individuals worked at a Radio Shack store during the "Relevant Period," which is defined as January 18, 2007, until the filing of the original complaint on January 18, 2011.

As such, the evidence related to the merits of many of these individual's claims will differ, based upon the working conditions and actual policies carried out at their individual stores by the managers who oversaw these stores. See Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 522 (5th Cir. 2010) (upholding district court's denial of joinder of 800 individuals where the "plaintiffs work or have worked across a network of more than 300 stores, each with its own manager responsible for implementing Allsup's policies . . . certain plaintiffs stated in their depositions that they were told by their managers that working off the clock was forbidden, while others indicated that they were only asked to work off the clock by certain managers and not others.").

However, as the Court noted in its order denying class certification, plaintiff has demonstrated that there is evidence that some common practices were followed across defendant's stores, including policies related to meal breaks, rest breaks, and unpaid

Case 8:11-cv-00398-CAS-JCG Document 119 Filed 04/22/13 Page 9 of 12 Page ID #:3121

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0398-CAS (JCGx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | NASIR UDDIN V. RADIO SHACK, INC. | | |

wages. Dkt. No. 96 at 2–5. Defendant also argued that it had uniform policies, but that these uniform policies were always followed and compliant with California law. Although the commonality across these potential subclasses was insufficient for purposes of class certification, much of this evidence that has been produced through discovery thus far will be universal to all of the proposed plaintiffs' claims. These alleged common corporate policies are the type of pattern or practice sufficient to meet the "same transaction, occurrence, or series of transactions or occurrences" language in Rule 20(a)(1)(A), where plaintiffs bring the same claims for relief. See Bryant v. Serv. Corp. Int'l, 801 F. Supp. 2d 898, 903 (N.D. Cal. 2011), as amended (Sept. 12, 2011) (permitting joinder where plaintiffs asserted same claims under California law, and alleged that their claims arose out of a systematic practice of denying them adequate compensation). And relatedly, because all plaintiffs assert the same claims under California and federal law, multiple common questions of law, and likely fact, will arise in this action as well. This satisfies Rule 20(a)(1)(B). Because of this overlapping evidence and claims, joinder for pretrial purposes is appropriate, including for motion practice and conducting discovery into the claims of the individual plaintiffs. Such joinder will serve the interests of judicial economy and avoid duplication of effort, at least prior to trial.

Defendant also contends that venue would be improper for at least seven proposed plaintiffs who reside or worked outside of this judicial district. The Court finds this argument unavailing, as venue is proper under the general venue statute, 28 U.S.C. § 1391. Under this section, a party may bring a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). For purposes of establishing venue, a corporation is a resident "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). Because Radio Shack is the only defendant to this action and would be subject to personal jurisdiction in this district, if the district were treated as a separate state, venue is proper here for all plaintiffs.[2]

---

[2] Defendant also contends that even if the claims of these proposed plaintiffs are properly venued here, defendant would seek to transfer the claims of these individuals to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0398-CAS (JCGx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | NASIR UDDIN V. RADIO SHACK, INC. | | |

      Defendant further argues that a number of the putative plaintiffs no longer have valid claims, as the statute of limitations has expired on all or some of their claims.[3] The Court agrees with plaintiff, however, that the filing of a class action complaint tolled the running of the statute of limitations for all purported class members. See Crown, Cork, & Seal, 462 U.S. at 352–53. In addition, the Court does not find that the period of tolling ceased once the Court denied class certification without prejudice. In denying plaintiff's motion without prejudice, the Court expressly contemplated that plaintiff could bring a renewed motion. It would be contrary to the principles governing class action tolling for the statute of limitations to begin running anew while plaintiff was still seeking to represent a class of individuals, after the Court's denial of his first motion to certify a class without prejudice. See Smith et al. v. City of Oakland, 2008 U.S. Dist. LEXIS 79469, at *8–9 (N.D. Cal. 2008) (concluding that only a denial of a motion for class certification with prejudice would cease the tolling of the statute of limitations). This same reasoning also supports the continued tolling of plaintiff and the proposed plaintiffs' FLSA claims. All of the proposed plaintiffs have filed a consent to join in this action before the statute of limitations expired, as reflected on the docket.[4] These claims

---

the respective judicial districts where they worked, where "a substantial part of the events or omissions giving rise to the[ir] claim[s] occurred." 28 U.S.C. § 1391(b)(2). The Court is not convinced, however, that transfer would be warranted, at least at this stage of the litigation. Plaintiff's choice of forum is entitled to substantial deference in such an analysis, and consolidation of this action may streamline the litigation going forward, which weighs against transfer. See Amini Innovation Corp. v. JS Imports, Inc., 497 F. Supp. 2d 1093, 1110 (C.D. Cal. 2007)

    [3] To the extent that defendant offers evidence by way of a declaration in attempt to prove that certain proposed plaintiffs' claims are time-barred, the Court finds that it is inappropriate to consider such evidence on this motion.

    [4] In particular, plaintiff Uddin filed a notice of consent to join on July 19, 2011; additional notices of consent to join were filed on April 23 and 27, 2012; May 1, 4, 11, and 18, 2012; June 1, 8, and 29, 2012; August 14, 2012; and October 1, 2012. These notices account for all of the plaintiffs named in the proposed TAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0398-CAS (JCGx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | NASIR UDDIN V. RADIO SHACK, INC. | | |

were tolled from the date they filed a consent to join the action, and accordingly, are not time-barred. Defendant's arguments to the contrary are without merit.[5]

### B. Extension of the Discovery Deadline

In addition to seeking leave to amend his complaint, plaintiff also seeks to extend and expand the scope of fact discovery so that the proposed plaintiffs may gather evidence related to the merits of their individual claims. As with plaintiff's motion for leave to amend his complaint, the Court's order setting a discovery cut-off of March 13, 2013, may only be modified upon a showing of "good cause" by plaintiff. Fed. R. Civ. P. 16(b)(4); Johnson, 975 F.2d at 609. As discussed above, plaintiff's proposed discovery for himself and the proposed class members will be tailored to the merits of their claims, as opposed to the "class-based" discovery that has taken place to date.

For the same reasons set forth above with respect to plaintiff's motion for leave to amend, the Court finds that plaintiff has demonstrated good cause for extending the discovery cut-off date and allowing plaintiff to conduct discovery into the merits of his and the proposed plaintiffs' claims. As discussed, there is no indication that plaintiff has unduly delayed in bringing this motion, as plaintiff was within his rights to attempt to certify a class of individuals. In addition, defendant fails to demonstrate how it will suffer undue prejudice if plaintiff and defendant are permitted to conduct additional discovery. While this discovery may involve different witnesses than those who have been deposed to date, defendant would be subject to the same discovery demands if each plaintiff proceeded individually against it. Thus, defendant will not be unduly prejudiced by having to conduct discovery as to each individual plaintiff in this action. Accordingly, the Court finds that plaintiff has shown good cause for extending the deadline and scope for conducting fact discovery. The Court shall permit the parties to conduct fact

---

[5] Defendant also challenges plaintiff and the proposed plaintiffs' rights to bring PAGA claims, noting that this Court has previously found that such claims must be certified in accordance with Rule 23 when brought in federal court. See Fields v. QSP, Inc. 2012 WL 2049528 (C.D. Cal. June 4, 2012). While this claim may ultimately be futile given that plaintiff has chosen not to seek class certification, it is not necessary for the Court to reach this issue and the Court declines to do so at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-0398-CAS (JCGx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | NASIR UDDIN V. RADIO SHACK, INC. | | |

discovery regarding the individual plaintiffs' claims until September 30, 2013, which shall be the amended discovery cut-off date for both merit and expert discovery.

**V.   CONCLUSION**

In accordance with the foregoing, the Court GRANTS plaintiff's motion for leave to file his proposed Third Amended Complaint and to extend the discovery cut-off.  The Court ORDERS the parties to meet and confer on a proposed amended scheduling order.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |